IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR<br>U.S. DEPARTMENT OF LABOR<br><br>Plaintiff,<br><br>v.<br><br>COURTNEY UNGARO, an individual,<br>and the PERSPECTIVES PREPARATORY<br>ACADEMY SIMPLE IRA PLAN,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 6:22-cv-3322 |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA Section 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the District Court for the Western District of Missouri, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Perspectives Preparatory Academy SIMPLE IRA Plan was administered in Springfield, Missouri, within this district. Additionally, the fiduciary breaches at issue took place within this district, and Defendant Courtney Ungaro ("Ungaro") resides within this district or has sufficient contacts with this district.

**DEFENDANTS**

4. Perspectives Preparatory Academy (the "Academy") was a Missouri Nonprofit Corporation that was incorporated on November 1, 2016, and having an office and place of business at 1335 E Republic Rd, STE F, Springfield, Missouri 65804 within the jurisdiction of this Court.

5. The Academy operated a private school for children ranging in ages from preschool through high school. The Academy closed in April 2020, and the corporation was dissolved on July 24, 2020. At the time the Academy closed, it employed approximately 15 individuals.

6. Defendant Ungaro was the President of the Academy from its inception until approximately April 13, 2020. Additionally, Defendant Ungaro worked the school's Executive Director. She served in this role from the Academy's inception until approximately March 19, 2020.

**SIMPLE IRA PLAN**

7. The Perspectives Preparatory Academy SIMPLE IRA Plan ("Plan") is an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), which is

subject to the provisions of Title I of ERISA, pursuant to ERISA Section 4(a), 29 U.S.C. § 1003(a).

8. The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief can be granted.

9. The Plan was established on August 15, 2017 by Ungaro on behalf of the Academy, as a defined contribution plan, that allows employees to make voluntary salary deferral contributions through payroll withholdings.

10. The Plan was terminated on June 8, 2020.

11. The Academy, from at least September 1, 2018 to July 24, 2020, was an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

12. From August 15, 2017 until June 8, 2020, the Academy was the Plan Sponsor and Plan Administrator within the meaning of ERISA Sections 3(16)(A) and (B), 29 U.S.C. §1002(16)(A) and (B); a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), and (C), 29 U.S.C. § 1002(14)(A), and (C).

## COURTNEY UNGARO

13. During Ungaro's time as Executive Director and President of the Academy, Defendant Ungaro managed the day-to-day operations of the Academy, including the only individual with check writing authority over the organizations bank accounts. Defendant Ungaro signed checks that transmitted employee contributions to the individual SIMPLE Plan accounts and made the decision as to whether or not payroll withholding contributions would be forwarded.

14. Defendant Ungaro exercised discretionary authority or discretionary control respecting the management of the Plan, or control respecting management or disposition of the Plan's assets, including the Plan assets that were commingled within the account of the Academy. Additionally, she had discretionary authority or discretionary responsibility in the administration of the Plan.

15. From at least August 15, 2017 through at least approximately April 13, 2020, Defendant Ungaro was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); and was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

## COUNT I
**(Failure To Remit Employee Salary Deferral Contributions To The Plan)**

16. The Secretary re-alleges and incorporates the preceding Paragraphs, inter alia, as if fully set forth herein.

17. From at least August 15, 2017 through at least June 8, 2020, the Plan's governing documents provided in pertinent part that participants could make pre-tax contributions to the Plan from their compensation.

18. The Plan's governing documents provide in pertinent part, the Plan is "intended to be for the exclusive benefit of the Participants and their beneficiaries."

19. Under the Plan Agreement, the Academy agreed to withhold salary deferral contributions from employee paychecks and forward those contributions to the Plan participants accounts held at Fidelity Investments ("Fidelity" or the "Custodian").

20. During the pay periods covering September 2018 through February 2020, Defendants Ungaro and the Academy withheld employee contributions from employees' pay. The withheld amounts are assets of the Plan pursuant to 29 C.F.R. § 2510.3-102.

21. From at least September 1, 2018 through at least June 8, 2020, Defendant the Academy withheld at least $16,209.36 from its employees' pay as salary deferral contributions intended for the Plan. The Academy retained the withheld employee salary deferral contribution in its general operating account, never remitted them to the Plan, and used the monies to pay Academy expenses.

22. Upon information and belief, at Ungaro's direction, the employee salary deferral contributions were directed to other accounts controlled by her and used to fund personal expenses including vacations, cars, clothing, and a birthday party for her son.

23. The employee contributions were taken out of participants' pay and not remitted to the Plan accounts on the earliest date on which the contributions could be segregated, not later than thirty calendar days following the month in which the participant contributions would have otherwise been payable to the participant in cash.

24. Defendant Ungaro knew that employee contributions were not remitted to the Plan. The withholdings have not been transmitted for several years. Defendant Ungaro had the authority to transmit the contributions to the SIMPLE Plan participant accounts and made the decision not to transmit payroll withholding contributions. These employee contributions were assets of the Plan and not the property of Defendants Ungaro or The Academy.

25. From at least September 1, 2018 through at least June 8, 2020, Defendant Ungaro exercised authority and control over whether and when The Academy remitted withheld employee salary deferral contributions to the Plan.

26. As fiduciaries to the Plan, Defendant Ungaro failed to ensure that the employees' salary deferral contributions were remitted to the Plan.

27. Based on the facts described above, the Defendants:

a. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

b. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of the Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c. failed to discharge their duties with respect to the Plan with the requisite degree of care, skill and prudence, and diligence under the circumstances then prevailing, which prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

d. failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

e. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

f. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

6

Case 6:22-cv-03322-SRB   Document 1   Filed 12/19/22   Page 6 of 10

g. acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

28. As a direct and proximate result of the Defendants fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT II
### (Failure To Remit Employee Salary Deferral Contributions To The Plan in a Timely Manner)

29. The Secretary re-alleges and incorporates the preceding Paragraphs, inter alia, as if fully set forth herein.

30. From at least September 1, 2018 through at least June 8, 2020, Defendant the Academy withheld $16,209.36 in employee salary deferrals from employees' paychecks for contribution to the Plan.

31. From at least September 1, 2018 through at least June 8, 2020, Defendant the Academy failed to remit the $16,209.36 in employee salary deferral contributions to the Plan in a timely manner.

32. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the Academy's general assets but no later than the 30th business day of the month following the month in which the contribution amount was received by PPA.

33. From at least September 1, 2018 through at least June 8, 2020, the Ungaro exercised authority and control over whether and when the Academy remitted the $16,209.36 from its employees' paychecks as salary deferred contributions, to the Plan in a timely manner.

34. As fiduciaries to the Plan, Defendants failed to ensure the salary deferral contributions were timely remitted to the Plan.

35. The lost opportunity costs of the delay of remitting this funds totals $1,739.75.

36. Based on the facts described within this Count, the Defendants:

    a. permitted the Plan's assets to inure to the benefit of the Academy and failed to hold them for the exclusive purpose of providing benefit to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    b. failed to act solely in the interest of Plan participants and their beneficiaries and for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    c. failed to discharge their duties with respect to the Plan with the requisite degree of care, skill, prudence, and diligence under the circumstances then prevailing, which prudent person acting in like capacity and familiar with such matters would use the conduct of an enterprise of like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

    d. failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

    e. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in

interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

    f.    dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

    g.    acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

37.    As a direct and proximate result of the fiduciary breaches of the Defendants, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## PRAYER FOR RELIEF

Wherefore, the Secretary prays for judgment:

A.    permanently enjoining Defendants from violating the provisions of Title I of ERISA;

B.    permanently enjoining Defendants from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan;

C.    ordering Defendants to make good to the Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

D.    ordering Defendants to correct the prohibited transactions in which they engaged;

E.    awarding the Secretary the costs of this action; and

F.    ordering such other just and proper relief.

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor


/s/Elaine M. Smith
Elaine M. Smith
Trial Attorney
Bar No. 69352 (MO)

Attorneys for Plaintiff, U.S. Secretary of Labor

Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, MO 64108
Telephone: (816) 285-7262
Fax: (816) 285-7287
E-mail: smith.elaine.m@dol.gov